UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION

IN RE:   CHAPTER 13
   CASE NO.: 18-03801-RNO
THOMAS CHARLES HAMM
    Debtor
_____/

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR STRUCTURED ASSET   Hearing Date: 03/20/2019
INVESTMENT LOAN TRUST MORTGAGE   Time: 9:30 A.M.
PASS-THROUGH CERTIFICATES, SERIES   Location: 274 Max Rosenn
2006-3,   U.S. Courthouse
    Movant   197 South Main Street
   Wilkes-Barre, PA 18701
v.

THOMAS CHARLES HAMM
    Debtor/Respondent

CHARLES J DEHART, III, ESQUIRE
    Respondent/Trustee
_____/

**MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
HOLDERS OF THE STRUCTURED ASSET INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3
<u>FOR RELIEF FROM AUTOMATIC STAY</u>**

Secured Creditor, U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, ("U.S. Bank"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Thomas Charles Hamm, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on September 12, 2018.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On December 17, Gail C. Hamm [now deceased] and Thomas C. Hamm ("Debtor") executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $261,000.00 to First Residential Mortgage Network, Inc d/b/a SurePoint Lending. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on December 23, 2005, in Book 2151 at Page 1191 of the Public Records of Pike County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the property located in Pike County commonly known as 3339 Bluebird Drive, Bushkill, Pennsylvania 18324, f/k/a 195 Bluebird Drive, Bushkill, PA 18324.

6. The terms and conditions of the Note and Mortgage were later amended pursuant to the Loan Modification Agreement ("Agreement") made March 19, 2017. Said Agreement created a new principal balance of $128,169.71. A true and accurate copy of the Loan Modification Agreement is attached hereto as Exhibit "C."

7. The Note and Mortgage were lastly assigned to U.S. Bank and said Assignment of Mortgage was recorded with the Pike County Recorder of Deeds on March 6, 2018, in Book 2545, Page 950. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Debtor's Amended Chapter 13 Plan (the "Plan") provides that Debtor is to be making post-petition payments to U.S. Bank outside the plan. A true and correct copy of the Amended Plan is attached hereto as Exhibit "E."

9. As of the date of filing of this Motion, Debtor has failed to make the monthly payments of principal, interest and escrow in the amount of $1,232.56, which became due on December 1, 2018, January 1, 2018, and February 1, 2019.

10. Thus, Debtor's post-petition arrearage currently totals the sum of $3,418.20, (as there is $279.48, in suspense). This sum does not include any possible late charges or U.S. Bank's attorney's fees and costs.

11. As set forth herein, Debtor has defaulted on his secured obligation to U.S. Bank by failing to make the monthly installment payments due and owing.

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make post-petition installment payments, or payments due under a court-approved plan, on a secured debt, or where the Debtors have no assets or equity in the Mortgaged Property.

13. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments. As a result, cause exists pursuant to Section 362(d)(1) of the Code for this Honorable Court to grant relief from the automatic stay to allow U.S. Bank, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

Case 5:18-bk-03801-RNO    Doc 34    Filed 02/22/19    Entered 02/22/19 18:28:41    Desc
Main Document      Page 3 of 4

14. Additionally, once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, U.S. Bank respectfully requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Movant, U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3, respectfully requests, this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d), to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and any such further relief as this Honorable Court deems just and appropriate.

Date: February 22, 2019

RAS Citron, LLC
Attorney for Secured Creditor
130 Clinton Road,
Lobby B, Suite 202
Fairfield, NJ 07004

By: /s/Lauren B. Karl, Esquire
Lauren B. Karl, Esquire
PA Bar Number 88209
P.O. Box 305
Ingomar, PA 15127
Telephone: 973-575-0707
Facsimile: 973-404-8886
Email: lkarl@rascrane.com